# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-00279-JAD-PAL-2 |
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Restitution Payments** |
| Fedel Ezekiel Sakers, | [ECF No. 401] |
| Defendant | |

In 2018, Fedel Ezekiel Sakers was sentenced to 16 years in prison after pleading guilty to committing an armed robbery of a jewelry store.[1] He was also ordered to pay $334,791.51 in restitution to the jewelry store and its insurance provider.[2] I ordered that the restitution payment be due immediately and required that "[a]ny unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the [c]ourt based on ability to pay."[3] Sakers now asks the court to "reduce [his] monthly [f]ederal [r]estitution [p]ayments."[4] He represents that 50% of his wages are being deducted monthly to pay off his restitution and asks that the amount be reduced so that he can send money to his three children and his sick mother.[5] I construe this motion as a challenge to the Bureau of Prison's administration of its Inmate Financial Responsibility

---

[1] ECF No. 270 at 1–2.

[2] *Id.* at 6–8. Sakers and his co-defendant are jointly and severally liable for the restitution amount. *Id.*

[3] *Id.* at 7.

[4] ECF No. 401 at 1.

[5] *Id.*

Program, and I deny it because such a challenge can be made only through a habeas petition brought in the district in which Sakers is incarcerated, which is not this district.

**Discussion**

**I.    Challenges to the prison's method of collecting restitution may only be made through a habeas petition.**

While incarcerated, Sakers has been making restitution payments through his voluntary participation in the Inmate Financial Responsibility Program (IFRP), a work program run by the Bureau of Prisons (BOP) to encourage "each sentenced inmate to meet his or her financial obligations."[6] Challenges to the BOP's administration of that program are best construed as a challenge to the execution of an inmate's sentence and thus must be made by filing a writ of habeas corpus under 28 U.S.C. § 2241 in the district of the inmate's confinement.[7] That is what Sakers seeks to do here—he does not challenge his restitution amount or the payment schedule as set out in his judgment. Indeed, he affirms that he intends to pay the full amount of restitution owed.[8] He instead requests a reduction in the BOP's assessment of what he can pay each month.[9] Sakers is therefore challenging the execution of his restitution payments. To mount

---

[6] 28 C.F.R. § 545.10; ECF No. 403 at 2–3 (confirming Sakers's participation in the IFRP).

[7] *See Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) (noting that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought [under] § 2241 in the custodial court"); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (resolving appeals from motion to reduce restitution in the sentencing court and a later-filed § 2241 petition in the custodial court and applying the standard of review for appeals of habeas petitions); *Ward v. Chavez*, 678 F.3d 1042, 1045–52 (9th Cir. 2012) (resolving appeal of § 2241 petition challenging administration of IFRP program).

[8] ECF No. 401 at 1 (noting that he is currently making restitution payments and "one day hopefully [] will be able to repay in full").

[9] The BOP has procedures in place to assess monthly payment amounts for inmates participating in the IFPR. *See* 28 C.F.R. § 545.11. The regulations explain that some inmates "ordinarily will be expected to allot not less than 50% of their monthly pay to the payment process" and that any

such a challenge, he must exhaust his administrative remedies and file a habeas petition in the district in which he is incarcerated—the United States District for the Middle District of Florida.

## II.    I decline to construe Sakers's motion as one to adjust restitution under 18 U.S.C. § 3664(k).

The government argues that, if Sakers's motion is construed as one to adjust the restitution amount or schedule under 18 U.S.C. § 3664(k), it also fails.  I do not reach the merits of the government's argument because I decline to construe Sakers's motion that way.  Section 3664(k) imposes a duty on defendants to inform the court of any "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."[10]  After receiving such notification, the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[11]  But Sakers does not ask that the court adjust the terms of his restitution schedule—that schedule merely requires that at least 10% of his prison wages are put toward restitution on a per-month basis.[12]  Sakers takes issue with monthly 50% deductions that the BOP has assessed, not with the amount of restitution itself, the monthly payment schedule, or the 10% minimum ordered by the court.  Instead, he focuses solely on the amount withdrawn that exceeds the amount ordered.  Those details are left to the BOP; to challenge them, Sakers must first exhaust his administrative remedies and then file a habeas petition in the Middle District of Florida.

---

allotment less than that "must be approved by the Unit Manager." *Id.* at § 545.11(b)(2).  This is the payment schedule that Sakers appears to take issue with.

[10] 18 U.S.C. § 3664(k).

[11] *Id.*

[12] ECF No. 270 at 7.

3

**Conclusion**

IT IS THEREFORE ORDERED that Fedel Sakers's motion to reduce restitution payments **[ECF No. 401] is DENIED** without prejudice to his ability to file a proper challenge in the Middle District of Florida.

_____
U.S. District Judge Jennifer A. Dorsey
July 14, 2022